PHILANDER W. FOBES, Respondent, *v.* THE ROME, WATER-TOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

A duly incorporated railroad company, having authority from the state to lay its tracks and operate its road through and upon the surface of a city street, under the protection of a license from the city, in doing this takes no property of one who owns land adjoining the street, but bounded by its exterior line.

The company, therefore, is not liable to such owner for any consequential damages to his adjoining property, arising from a reasonable use of the street for railroad purposes, without substantially changing its grade, and which is not exclusive in its nature, but leaves the passage across and through the street free and unobstructed for the public use.

There is no difference in this respect between a railroad operated by horse power and one operated by steam.

The rule in this respect was not changed by the case of *Story* v. *N. Y. E. R. R. Co.* (90 N. Y. 122) and other cases following it.

*It seems*, where the adjoining owner has title in fee to the centre of the street, subject only to the public easement, such a use of the street is

an interference with his property rights and gives him a right of action.

*It seems* also, if the use becomes unreasonable, excessive, or exclusive, or such as not to leave the passage of the street substantially free and unobstructed, this may be prohibited and the adjoining owner may recover the damages sustained by him therefrom.

*Williams* v. *N. Y. C. R. R. Co.* (16 N. Y. 97); *Wager* v. *T. U. R. R. Co.* (25 id. 526); *Craig* v. *R. C. & B. R. R. Co.* (39 id. 404); *Story* v. *N. Y. E. R. R. Co.* (90 id. 122); *Lahr* v. *M. E. R. Co.* (104 id. 268); *Drucker* v. *M. E. R. Co.* (106 id. 167); *Hussner* v. *B. C. R. R. Co.* (114 id. 433), distinguished.

(Argued April 16, 1890; decided June 10, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 13, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, the owner of certain premises bounded by the east line of Franklin street, in the city of Syracuse, against defendant, a railroad corporation organized under the General Railroad Act, to restrain the defendant from interference with, and occupation of, his easement of light, air, and access in and to that street, by the maintenance and operation of its steam railway therein, and to recover past damages suffered by him from such maintenance and operation.

Defendant has succeeded to the rights of the Syracuse Northern Railroad Company, which in 1872 constructed its track upon the easterly half of said street adjoining plaintiff's premises. Since defendant has acquired said track, it has maintained and used the same as part of its steam railway, propelling over it daily and at frequent intervals locomotives, freight and passenger cars.

It appeared that on the 15th of April, 1872, the Syracuse Northern Railroad Company applied to the common council of the city of Syracuse for permission to extend its line of road "from Marsh street into Franklin street, at the intersection of Franklin and Laurel streets; thence through Franklin street to the track of the New York Central and Hudson

River Railroad Company in West Washington street, said extension to cross the Erie canal on a swing bridge, as provided for by an act of the state legislature." On the 5th of August, 1872, the common council granted the application upon certain conditions, among which were that the company "shall also pay to the city of Syracuse and owners or occupants of property upon said streets along which said track shall pass, or which it shall cross, such legal damages as they shall suffer, and said company be liable for by reason of the laying of said track, and of any change of the grade of either of said streets in consequence thereof."

*William B. Hornblower* for appellant. Plaintiff has no title to the fee of the street. (*Jackson* v. *Hathaway*, 15 Johns. 447; *English* v. *Brennan*, 60 N. Y. 609; *W. Bank* v. *Nichols*, 64 id. 65; *K. C. F. Ins. Co.* v. *Stevens*, 87 id. 287.) A steam surface railroad may be built and operated in the street of a city without any compensation to the owner of abutting property for injury to his property or its easements, provided the abutting owner has no title to the fee under the bed of the street, and provided the railroad is built without causing any unnecessary obstruction to the use of the street as a public street, and provided the railroad is operated in a reasonably prudent and careful manner. (*Drake* v. *H. R. R. R. Co.*, 7 Barb. 508; *Greene* v. *N. Y. C. & H. R. R. R. Co.*, 65 How. Pr. 154; *Covey* v. *C. & N. Y. R. R. Co.*, 23 Barb. 482; *Hamilton* v. *N. Y. & H. R. R. Co.*, 9 Paige, 171; *Plant* v. *L. I. R. R. Co.*, 10 Barb. 26; *Chapman* v. *A. & S. R. R. Co.*, Id. 360; *Adams* v. *S. & W. R. R. Co.*, 11 id. 414, 328; *Hentz* v. *L. I. R. R. Co.*, 13 id. 646; *People* v. *Kerr*, 27 N. Y. 188; *Williams* v. *N. Y. C. R. R. Co.*, 16 id. 103; *Craig* v. *R. C. & B. R. R. Co.*, 39 id. 404; *Kellinger* v. *F. S. S. R. R. Co.*, 50 id. 206; *W. Cemetery* v. *P. P. & C. I. R. R. Co.*, 68 id. 591; *Story* v. *N. Y. E. R. R. Co.*, 90 id. 122; *In re N. Y. E. R. R. Co.*, 36 Hun, 432; *Corey* v. *B., etc., R. R. Co.*, 23 Barb. 482; *L., etc., R. R. Co.* v. *Applegate*, 8 Dana, 289; *A., etc., R. R. Co.* v. *Garside*, 10 Kan. 552;

*Moses* v. *P., etc., R. R. Co.,* 21 Ill. 516 ; *Parrot* v. *C., etc., R. R. Co.,* 10 Ohio, 624 ; *Barney* v. *Keokuk,* 94 U. S. 324, 341 ; *Lahr* v. *M. E. R. Co.,* 104 N. Y. 268 ; *Drucker* v. *M. E. R. Co.,* 106 id. 157 ; Dillon on Mun. Corp. § 723 ; *F. S. R. R. Co.* v. *Brown,* 23 Fla. 104 ; *S. C. R. R. Co.* v. *Steiner,* 44 Ga. 547 ; *C. B. U. P. R. R. Co.* v. *Twine,* 23 Kan. 585 ; *Same* v. *Andrews,* 30 id. 593 ; *Crosby* v. *O. & R. R. R. Co.,* 10 Bresh, 288 ; *Hill* v. *C. S. L. & N. O. R. R. Co.,* 38 La. Ann. 599 ; *G. R. & I. R. R. Co.* v. *Heisel,* 38 Mich. 62 ; *Donnaher* v. *State of Miss.,* 8 S. & M. 661 ; *Tate* v. *M. J. & T. R. Co.,* 64 Mo. 149 ; *Cross* v. *St. L., K. C. & N. R. Co.,* 77 id. 322 ; *M. & E. R. R. Co.* v. *City of Newark,* 10 N. J. Eq. 352, 357 ; *C. & P. R. R. Co.* v. *Speer,* 56 Penn. St. 325 ; *Struthers* v. *Dunkirk, etc., R. Co.* 87 id. 282 ; *McLaughlin* v. *R. R. Co.,* 5 Rich. Law. [S. Car.] 583 ; *Tenn. & Ala. R. R. Co.* v. *Adams,* 3 Head [Tenn.] 596 ; *H. & T. C. R. R. Co.* v. *Odeun,* 53 Tex. 343 ; *Richardson* v. *Vermont Cent. R. R. Co.,* 25 Vt. 465 ; *Hatel* v. *Same,* 28 id. 142 ; *Heiss* v. *Milwaukee & L. W. R. R. Co.,* [Wis. Sup. Ct.] 34 West. Rep. 916.) As defendant is not a trespasser in the street and does not infringe upon any of the property rights of the plaintiff, and as the plaintiff's only remedy is for unnecessary obstruction to the use of the street, he can recover no damages except such as directly flow from interference with the use of the street as a street and with interference with access. (Pierce on Railroads, 197 ; *Hentz* v. *L. I. R. R. Co.,* 13 Barb. 646 ; *Kellinger* v. *F. S. S. R. R. Co.,* 101 N. Y. 107.) But whatever plaintiff's rights might have been had he proceeded promptly to assert those rights, he has lost such rights by acquiescence and by *laches.* (*Hentz* v. *L. I. R. R. Co.,* 13 Barb. 646 ; *B. C. Co.* v. *Lloyd,* 18 Ves. 515 ; *G. W. R. Co.* v. *O. W. & W. R. Co.,* 3 De G., M. & G. 341 ; *Fuller* v. *Melrose,* 1 Allen, 166 ; *St. Julien* v. *R. R. Co.,* 35 La. Ann. 924 ; *Lawrence* v. *M. L., etc., Co.,* 2 South. Rep. 69 ; *Tash* v. *Adams,* 10 Cush. 252 ; *Bassett* v. *S. Mfg. Co.,* 47 N. H. 426, 439 ; *Cooper* v. *Hubbuck,* 30 Beav. 160 ; *R. C. Co.* v. *King,* 2 Sim. [N. S.] 78 ; *Wood* v. *Sutcliffe,* Id. 163, 169 ;

*Leonard* v. *Spencer*, 108 N. Y. 338; 1 Pomeroy on Eq. Juris.
§ 418.) There is no evidence that the railroad in front of
plaintiff's premises is so constructed as to unreasonably or
unnecessarily interfere with access to plaintiff's premises, or
with the use of the street as a street for street purposes.
(*Kellinger* v. *F. S. S. R. R. Co.*, 50 N. Y. 206.) Even if
there were evidence sufficient to sustain an action for a nuis-
ance, the plaintiff could not sustain his judgment on that
theory, since the complaint was framed and the findings of
the court are based on the theory of trespass upon plaintiff's
easements and not upon the theory of a nuisance. (*Arnold*
v. *Angell*, 62 N. Y. 508; *Southwick* v. *First Nat. Bank
of Memphis*, 84 id. 420; *King* v. *McKellar*, 94 id. 317;
*Barnes* v. *Quigley*, 59 id. 265; *Dudley* v. *Scranton*, 57 id.
424; *Clarke* v. *Dillon*, 97 id. 370, 373.) The *Drake* case
has been acquiesced in and approved by the Court of Appeals
in numerous cases. After forty years on the principle of *stare
decisis* it has become a rule of property, and is as much the
law of the state of New York as if written down in the
statutes or embodied in the Constitution. (*Harrow* v. *Myers*,
29 Ind. 470; *Hilm* v. *Courtis*, 31 Cal. 402.) The sound and
well settled rule is, therefore, that no action will lie by an
abutting land owner, who does not own the fee in the street,
for injuries which merely result from the legal and reasonable
use of a public street by a railway company, and which leaves
his right of egress and ingress reasonably sufficient. (*Heiss*
v. *M. & L. W. R. R. Co.*, 34 West. Rep. 916; *Hanlan* v. *R.
Co.*, 61 Wis. 515; *F. S. R. Co.* v. *Brown*, 1 South. Rep. 514;
*I. M. R. Co.* v. *Bingham*, 11 S. W. Rep. 705.) The burden
is upon plaintiff to establish that he has been diligent, in
order to induce a court of equity to act. He cannot sit by
and then go into a court of equity for relief. (Story on Eq.
Pl. § 813; *Badger* v. *Badger*, 2 Wall. 87; *Marsh* v. *Whit-
more*, 21 id. 178, 185; *McAulay* v. *W. V. R. R. Co.*, 33 Vt.
321; *Kittell* v. *R. R. Co.*, 56 id. 109; *Campbell* v. *I. & V.
R. R. Co.*, 110 Ind. 490; *Goodin* v. *C. & W. C. Co.*, 18
Ohio St. 169; *Pryzbylowicz* v. *M. R. R. Co.*, 17 Fed. Rep.

492; *Lawrence* v. *M. L. & T. R. & S. S. Co.*, 2 South. Rep. 69; *Julien* v. *M. L. & T. R. R. Co.*, 35 La. Ann. 924; *N. O. & S. R. R. Co.* v. *Jones*, 68 Ala. 48.)

*C. P. Ruger* for respondent. None of the court's findings of fact were excepted to, and they are consequently to be regarded as undisputed on this appeal. (*Brush* v. *Lee*, 36 N. Y. 52; *Gidley* v. *Gidley*, 65 id. 169; *Naser* v. *F. N. Bk.* 116 id. 492; *West* v. *Van Tuyl*, 23 N. E. Rep. 450; Code Civ. Pro. § 993; *Sickles* v. *Flanagan*, 79 N. Y. 224; *Bedlow* v. *N. Y. D. D. Co.*, 112 id. 263; *Newell* v. *Doty*, 33 id. 83; *Wheeler* v. *Billings*, 38 id. 263; *Ward* v. *Craig*, 87 id. 550; *Moyer* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 355; *Todd* v. *Nelson*, 109 id. 316; *Arnold* v. *H. R. R. R. Co.*, 55 id. 661; *Pratt* v. *Foote*, 9 id. 463; *S. N. Bank* v. *Poucher*, 56 id. 348; *Hemmingway* v. *Poucher*, 98 id. 281; *Moore* v. *Townshend*, 102 id. 387.) Upon the facts found the plaintiff was entitled to the judgment rendered. (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *N. Y. N. E. Bank* v. *M. E. R. R. Co.*, 21 J. & S. 511; 108 N. Y. 660; *Pond* v. *M. E. R. R. Co.*, 112 id. 186; *Coon* v. *S. & U. R. R. Co.*, 6 id. 492; *Durgin* v. *Ireland*, 14 id. 322; *Vose* v. *Cockcroft*, 44 id. 424; *Delaney* v. *Brett*, 51 id. 78; *Wood* v. *Tunnicliff*, 74 id. 38; *Salisbury* v. *Howe*, 87 id. 128; *Harrison* v. *B., etc., R. R. Co.*, 100 id. 621; *Truscott* v. *King*, 6 id. 147; *Jennings* v. *Whittemore*, 2 T. & C. 377; *Bell* v. *Spotts*, 8 J. & S. 552.) Even if the question of *laches* had been properly raised it could not have affected the decision of this case. (*Platt* v. *Platt*, 58 N. Y. 646; *Boardman* v. *L. S. R. R. Co.*, 84 id. 157; *McMurray* v. *McMurray*, 66 id. 175; *Wilmot* v. *Barber*, 15 Ch. Div. 105; *Campbell* v. *Seaman*, 63 N. Y. 568; Pomeroy's Eq. Juris. § 817; *Fulwood* v. *Fulwood*, L. R. [9 Ch. Div.] 176; *N. Y. R. Co.* v. *Rothery*, 107 N. Y. 310; *Chapman* v. *City of Rochester*, 110 id. 273.) The owner of the property abutting on a highway is presumed to own to the centre of the highway, unless the contrary is made to appear, either by some limitation in the descriptive language of his deed, which

may be taken to overrule the presumption that the grantor intended to convey his interest in the street, or by other circumstances, such as proof of the ownership of the fee of the street in third parties. There is no difference in applying this rule between streets in a city and highways in the country. (*Dunham* v. *Williams*, 37 N. Y. 251; *Wager* v. *T. U. R. R. Co.*, 25 id. 526; *Stewart* v. *M. E. R. R. Co.*, 24 J. & S. 377; *Jackson* v. *Camp*, 1 Cow. 605; *White* v. *Williams*, 48 N. Y. 344; *Robinson* v. *Kime*, 70 id. 147; *Yates* v. *Von DeBogert*, 56 id. 556; *Bissell* v. *N. Y. C. R. R. Co.*, 23 id. 61; *W. Bank* v. *Nichols*, 64 id. 65; *Fritz* v. *Hobson*, L. R. [14 Ch. Div.] 542; *Adams* v. *C. B. & N. R. R. Co.*, 39 Minn. 286; *G. R. & I. R. R. Co.* v. *Heisel*, 38 Mich. 62; *Abendroth* v. *E. R. R. Co.*, 24 J. & S. 417.) The plaintiff's private property has been taken in violation of the Constitution of the State. (*Drucker* v. *M. E. R. Co.*, 106 N. Y. 157; *Craig* v. *R. & B. R. R. Co.*, 39 id. 413; *Hussner* v. *B. C. A. R. R. Co.*, 114 id. 43; *Fanning* v. *Osborne*, 34 Hun, 121.) Under the resolution of the Syracuse common council the plaintiff was entitled to the relief granted. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10; Laws of 1872, chap. 476; *Lawrence* v. *Fox*, 20 N. Y. 268; *Little* v *Banks*, 85 id. 258.) The objections to evidence made upon the trial were properly overruled, and the exceptions taken thereon are untenable. (*Bloom* v. *Burdick*, 1 Hill, 130; *People* v. *Cassels*, 5 id. 164; *Ferguson* v. *Crawford*, 70 N. Y. 257; *People* v. *Warden*, 100 id. 20; *Davis* v. *Packard*, 6 Wend. 327.) The maintenance of a steam surface railway in a highway where it substantially interferes with the easements of an abutting owner, is a taking of his private property, for which he is entitled to compensation. (*Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122; *Lahr* v. *M. E. R. Co.*, 104 id. 268; *Drucker* v. *M. E. R. Co.*, 106 id. 157; *Arnold* v. *H. R. R. R. Co.*, 55 id. 661; *W. Bank* v. *Nichols*, 64 id. 65; *City of Oswego* v. *O. C. Co.*, 6 id. 257; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98; *E., etc., R. R. Co.* v. *Combs*, 10 Bush. 382; *S. C. R. R. Co.* v. *Steiner*, 44 Ga. 547; *C. B. U. P. R. R. Co.* v. *Twine*, 23 Kan. 585;

*C. B. U. P. R. R. Co.* v. *Andrews,* 30 id. 590; *R. R. Co.* v. *Lawrence,* 38 Ohio St. 41; *Theobald* v. *L., etc., R. R. Co.,* 66 Miss. 279; *Phipps* v. *West Md. R. R. Co.,* 66 Md. 220; *B. & Mo. R. R. Co.* v. *Reinhackle,* 15 Neb. 229; *D. & R. G. R. Co.* v. *Bourne,* 11 Col. 59; *Adams* v. *C. B. & N. R. R. Co.,* 39 Minn. 286; *R. R. Co.* v. *Schurmeir,* 7 Wall. 272; *Fanning* v. *Osborne,* 34 Hun, 121; *Falker* v. *N. Y., W. S. & B. R. Co.,* 17 Abb. [N. C.] 279.)

Peckham, J.   We think that the defendant has by its exceptions duly raised the question argued before us.   We are also of the opinion that the plaintiff's lot is bounded by the exterior line of the street in question, and that he has no title to the land to the centre of the street subject to the public easement.   The courts below held that the occupation and appropriation by defendant of a part of the plaintiff's easement in Franklin street is and always has been unlawful.   To that conclusion the defendant excepted.

It admits that plaintiff had an easement in that street, but it denies that it has occupied or appropriated it.

Whether it has taken any portion of the plaintiff's easement in the street in question, is what the defendant asks shall be decided by us, and it denies *in toto* any taking whatever of the plaintiff's property or any portion thereof.

For many years prior to the decision of the case of *Story* v. *New York Elevated Railroad Company* (90 N. Y. 122), I think the law was that a duly incorporated railroad company, having authority from the state to build its road and laying its tracks and operating its road through and upon the surface of the streets of a city under the protection of a license from such city, took thereby no portion of the property of an individual who owned land adjoining the street, but bounded by its exterior line.   The company was, therefore, not liable to such an owner for any consequential damages to his adjoining property arising from a reasonable use of the street for railroad purposes, not exclusive in its nature, and substantially upon the same grade as the street itself and leaving the passage

across and through the street free and unobstructed for the public use.

The first case in this state upon that subject, and decided more than forty years ago, is that of *Drake* v. *Hudson River Railroad Company* (7 Barb. 508). This was a case decided by the General Term of the Supreme Court sitting in the city of New York, and composed of three most able and learned judges, and I do not find that the principle involved in that decision has been reversed or overruled by any judgment of this court. That case holds the doctrine which I have above stated. It was elaborately argued on both sides by counsel as eminent at the bar as the state afforded, and the opinions of the learned judges are conclusive proof of the ability with which the case was considered by them.

In *Williams* v. *New York Central Railroad Company* (16 N. Y. 97), it was held that the dedication of land to the use of the public for a highway is not a dedication of it to the use of a railroad, and such a road cannot be built upon it without compensation to the owner of the fee. It was in that case held to be another and an additional burden upon the land if used for railroad purposes, not covered by the dedication for ordinary street purposes, and hence the owner of the fee was entitled to a compensation for an additional burden to which he had never dedicated his property. It was held to be not a mere additional use of an easement, but an actual taking of the land for railroad purposes (though not absolutely exclusive), and hence the owner was protected by the Constitution from such a taking without compensation. The *Drake* case was alluded to, but only for the purpose of pointing out the clear distinction between the two cases, and the court said the *Drake* case involved simply the right of an adjoining owner on the street, who did not own the fee, to recover for incidental damages unavoidably resulting from the construction of the railroad in the street under authority of the law and with the permission of the city authorities, where no land or easement of the adjoining owner was taken. It was also stated that the *Drake* case might be considered as settling the

question that a railroad in a populous town is not a nuisance *per se* (of course when legally authorized), and that when the company has acquired the title to the land upon which its road is located, such company is not liable unless guilty of some misconduct for consequential damages resulting from the operation and use of its road. It has been regarded as having such title so far as the adjoining owner is concerned, who has no fee in the street, when by authority of law and the consent of the city owning the street, its rails are there laid upon the surface and the use of the street for ordinary street purposes is not thereby prevented.

In *Wager* v. *T. U. R. R. Co.* (25 N. Y. 526), it is assumed that there is no difference in kind or species between a railroad in a city street, operated by horse power, and one operated by steam. SMITH, J., in writing the opinion in that case, says that such difference would present simply a question of degree in respect to the enlargement of the easement and would not affect the principle. He also said, that if the title to the Troy street were in that city, as the fee in the streets in New York is in the city itself, the mayor and common council of Troy might perhaps have authorized such appropriation of the street without compensation to the adjoining owners. The case of *Wager* was followed in this court by that of *People* v. *Kerr* (27 N. Y. 188). It was there held that the legislative permission to lay down street railroad tracks without change of grade in those streets of the city of New York where the city owned the fee, was a sufficient justification for such action by the company and that no compensation was necessary to be paid to the owner of the adjoining property. It was an appropriation to public use to provide for the construction of a street railroad through a street without change of grade. As this was a horse railroad, the decision of the court must be regarded in the light of that fact. But still it is apparent that, although a horse railroad was regarded as a different public use for a street from that which had theretofore obtained, it was yet such a public use as was not inconsistent with its continuous use as an open and

a public street. There was no change of grade and no continuous and exclusive possession of the street, except in a limited sense, by the mere laying of the rails therein.

I think there is no authority in this court which holds that there is any difference between a railroad operated by horse power and one operated by the power of steam in the streets of a city. If the legislature can authorize the one, it can, under the same circumstances, authorize the other. I refer to railroads on the same grade as the street itself, and where the chief difference lies in the different motive powers which are used.

In *Craig* v. *R. R. C. & B. R. Co.* (39 N. Y. 404), it was held that the owner of a lot on a street, who owned the fee thereof subject only to the public easement for a street, was entitled to compensation for the new and additional burden upon the land so used as a street, by the erection of even a horse railroad thereon. In this case, Judge MILLER said he saw no distinction in the application of the rule between cases of steam and cases of horse power.

In *Kellinger* v. *F. S. S. & G. S. F. R. R. Co.* (50 N. Y. 206), it was held that one who did not own the fee of the street, could not recover damages for inconvenience of access to his adjoining lands caused by the lawful erection of a street railroad through the street.

By these last two decisions, it is seen, that to construct even a horse railroad in a city street, is to place a new and additional burden upon the land, the right to do which does not exist by reason of the general right of passage through the street, but if the adjoining owner of land is not the owner of the fee in the street, and the railroad company has obtained the proper authority, he has no right to compensation for such added burden, nor to complain of such use so long as it is not exclusive or excessive. The same reasoning applies, as we have seen, in the case of a steam surface railroad. Such a use of the streets would be an additional burden upon the land, and of course, if the adjoining owner had title in fee to the centre of the street, subject only to the public easement, he would have a right of action, as held by the *Williams* and other

cases, while if he did not, no such right would exist in his favor merely because it was a steam instead of a horse railroad which was to be constructed. The authority of the law and the consent of the city would be enough to authorize the building of either, and the difference between the steam and the horse railroad would not be one of such a nature as to require or permit any difference in the decision of the two cases. If the use of either became unreasonable, excessive or exclusive, or such as would not leave the passage of the street substantially free and unobstructed, then such excessive, improper or unreasonable use would be enjoined, and the adjoining owner would be entitled to recover damages sustained by him therefrom, in his means of access, etc., to his land. (*Mahady* v. *B. R. R. Co.*, 91 N. Y. 149.) In *Washington Cemetery* v. *P. P. & C. I. R. R. Co.* (68 N. Y. 591, at 593), Andrews, J., assumes the right of the legislature to authorize the construction of a railroad on a street without exacting compensation from the corporation authorized to construct it, to the owners of adjoining land, provided such owners did not own the fee in the street. The statute in the case cited permitted the use of steam on some portion of this road, so that Judge Andrews' remarks were not confined to horse railroads.

Assuming that the plaintiff had no title whatever to the land in the street through which the defendant laid its rails and ran its trains under legislative and municipal authority, I think it clear that prior to the decision of this court in the *Story* case (90 N. Y. 122) he had no cause of action against the defendant based upon any alleged taking of the plaintiff's property or easement by defendant. If its user of the street became excessive or exclusive, and hence degenerated into a nuisance, the plaintiff had another remedy. The claim is now made that the *Story* case (*supra*), and those cases which followed and are founded upon it, so far altered the law as to permit a recovery in all cases where the easement of the adjoining lot owner, through the building and operation of the road, is injuriously affected by any deprivation or diminution

of light, air or access to his lot, even though he do not own the fee to the centre of the street; and, where such injury occurs, it is claimed that the property of the owner in his easement of light, air or access has been taken to a greater or less extent, and compensation is guaranteed to him therefor by the Constitution.

It was not intended in the *Story* case to overrule or change the law in regard to steam surface railroads. The case embodied the application of what was regarded as well established principles of law to a new combination of facts, such facts amounting, as was determined, to an absolute and permanent obstruction in a portion of the public street, and in a total and exclusive use of such portion by the defendant, and such permanent obstruction and total and exclusive use, it was further held, amounted to a taking of some portion of the plaintiff's easement in the street for the purpose of furnishing light, air and access to his adjoining lot. This absolute and permanent obstruction of the street, and this total and exclusive use of a portion thereof by the defendant were accomplished by the erection of a structure for the elevated railroad of defendant, which structure is fully described in the case as reported. The structure, by the mere fact of its existence in the street, permanently and at every moment of the day took away from the plaintiff some portion of the light and air which otherwise would have reached him, and in a degree very appreciable, interfered with and took away from him his facility of access to his lot; such interference not being intermittent and caused by the temporary use of the street by the passage of the vehicles of the defendant while it was operating its road through the street, but caused by the iron posts and by the superstructure imposed thereon, and existing for every moment of the day and night. Such a permanent, total, exclusive and absolute appropriation of a portion of the street as this structure amounted to, was held to be illegal and wholly beyond any legitimate or lawful use of a public street. The taking of the property of the plaintiff in that case was held to follow upon the permanent and exclusive nature of the appropriation

by the defendant of the public street or of some portion thereof. If that appropriation had been held legal, any merely consequential damage to the owner of the adjoining lot, not having any title to the street, would have furnished no ground for an action against the defendant. It was just at this point that the disagreement existed between the members of this court in the *Story* case. The judge who wrote one of the dissenting opinions did not think that the facts presented any different principle from that of an ordinary steam surface railroad operating its road through the streets of a city under the authority of the legislature and of the municipality, in a case where the adjoining lot owner did not own the fee in the street. The character of the structure, and all the facts incident thereto, were regarded by him as simply resulting in an additional burden upon the street, somewhat greater in degree it is true than a steam surface railroad, but still it was such a use of the street as the legislature might permit, and the legislature having in fact granted it such power, the use of the street was, therefore, legal, and the defendant was not responsible for the incidental damage resulting to one whose property was not in fact taken within the meaning of the constitutional provision, and the defendant did him, therefore, no actionable injury. The other dissenting judges were of the same opinion.

A majority of the court, however, saw in the facts existing in that case what was regarded as a plain, palpable and permanent misappropriation of the street, or some portion of it, to the exclusive use of the defendant corporation, and as resulting from it the court held that there was a taking of property belonging to the plaintiff without compensation, which no legislature could authorize or legalize. But this taking, it cannot be too frequently or strongly asserted, resulted from the absolute, exclusive and permanent character of the appropriation of the street by the structure of the defendant. There is no hint in either of the prevailing opinions in the *Story* case of any intention to interfere with or overrule the prior adjudications in this state upon the

subject now under discussion, as to the steam surface railroads. In the *Story* case it was argued that no real distinction in principle existed between a steam surface and an elevated railroad resting on such a structure as was proved in that case. This court, however, made the distinction, and the two prevailing opinions are largely taken up with arguments going to show the distinction was obvious, material and important, and was so real and tangible in fact as to call for a different judgment than would have been proper and appropriate in the case of the ordinary steam surface railroad such as the *Drake* case was.

Judge TRACY, in the *Story* case, said that the conclusion therein reached was based upon the character of the structure, and that the language of Judge WRIGHT in the *Kerr* case (*supra*), where he asserted that the abutting owners had no property or estate in the land forming the bed of the street in front of their premises, must be construed with reference to the point then considered. In another portion of his opinion Judge TRACY said that no structure upon the street can be authorized which is inconsistent with the continued use of the street as a public street. He also added that, whatever force the argument may have as applied to railroads built upon the surface of the street, without change of grade, and where the road is so constructed that the public is not excluded from any part of the street, it has no force when applied to a structure like that authorized in the present case. This, he says, is an attempt to appropriate the street to a use essentially inconsistent with that of a public street, and hence illegal. He does not pretend that the ordinary steam railroad, laid on the same grade as the street, and not excluding others from its use, appropriates the street to a use essentially or at all inconsistent with that of a public street. The use may be an additional burden laid upon the street, but nevertheless it is such a use as is entirely consistent with its continued use as a public street.

Judge DANFORTH in his opinion, views the structure in much the same light. He cites the case of *Corning* v. *Lowerre* (6 Johns. Ch. 439), where Chancellor KENT restrained the

defendant by injunction from obstructing Vesey street in New York city by building a house thereon, and he says that the railroad structure designed by the defendant for the street opposite the plaintiff's premises is liable to the same objection, that is, it is as permanent in its character and exclusive in its possession of that portion of the street, as was the defendant's building in the case cited. He further says that the street railway cases are in no respect in conflict with the doctrine announced in his opinion. Other citations might be made from both opinions of those most learned and able judges, but enough has been shown to enable us to say with entire correctness that there was no intention in deciding the *Story* case to reverse or overrule the cases in regard to steam surface railroads which have been already cited. Those cases include just such a case as is the one at bar.

Following the *Story* comes the *Lahr* case (104 N. Y. 268), and the principles decided in the former were reiterated in the latter case. It is difficult to see that any enlarged rule as to awarding damages in that class of cases has been definitely announced in the *Lahr* case. The general rule to be adopted was agreed upon by the parties and involved an award once for all. The particular damage which the defendant was liable for, growing out of the existence of the defendant's structure, was held by three of the five members of the court then voting to embrace such an injury or inconvenience as was incidental to the use thereof. Two of the five members were in favor of a more restricted rule, and they agreed simply in the result which affirmed the judgment of the court below.

Then came the *Drucker* case (106 N. Y. 157), and in it the principle was announced, as stated in the head note, that in awarding damages it was proper to prove and take into consideration as elements of damages the impairment of plaintiff's easement of light caused by the road itself, and passage of trains, and the interference with the convenience of access caused by the drippings of oil and water. This was held as a fair result from a holding that the structure was an illegal one, and to the extent above described the court held the plaintiff

entitled to an award of damages. But the foundation for the recovery in all the cases above cited, of any damages whatever, lies in the fact of the illegality of the structure.

Looking carefully over the cases involving the elevated railroads and their rights and liabilities, we cannot see that any new rule was adopted in any of those cases which would hold the defendant herein liable under the facts proved, for the taking of any property or any portion of an easement belonging to the plaintiff. On the contrary we think the plaintiff's case is still governed by the case of *Drake* and the other cases in this court which have already been cited, and in which the principle decided in the *Drake* case has been assented to and affirmed. Upon such facts it has been held that there was no taking of any property or easment of an adjoining owner who had no title to any portion of the land upon which the street was laid out, where the company was authorized by law and licensed by the city to use the street.

Plaintiff's counsel cites the case of *Hussner* v. *Brooklyn City Railroad Company* (114 N. Y. 433), as bearing upon this question. We cannot see that it does. The use of steam on the portion of the road spoken of in that case was not permitted, and it was, therefore, unlawful, and for the damages caused to an abutting owner by reason of the nuisance, the defendant was held liable.

We are of the opinion that the plaintiff made out no legal ground for an action against defendant based upon an alleged taking of his property by the defendant. If there are any facts which go to show that the use of the street by the defendant is excessive, and in that way a nuisance, the recovery herein was not based upon any such liability and it cannot be sustained on that ground now.

The judgments of the Special and General Terms of the Supreme Court should be reversed and a new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., and ANDREWS, J., not voting.

Judgments reversed.