---

CHARLES BUCHOLZ, APPELLANT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, RESPONDENT.

*Railroads — changing a crossing — discontinuing a street — municipal approval — an abutting owner not actually damaged cannot sue*

Charles W. Bucholz owned a house near and west of a railroad crossing upon a village street running east and west. The railroad crossing, being considered dangerous by the company, was abolished by it, and a new street was made which began at a point a short distance west of the plaintiff's house, and then pursued a course, avoiding his premises, by which it was carried upon a bridge over the railroad tracks.

The old street, to the east of the crossing, was discontinued up to a point where it met the new street, but nothing was done to the street as it existed in front of the plaintiff's house.

These changes were made upon the railroad company's own land, and the village ratified the alterations.

In an action brought by Bucholz to procure a mandatory injunction requiring the company to restore the old grade crossing:

*Held*, that such an action by an individual could not be maintained.

That no property right of plaintiff had been invaded; that he had access to his property and the same light and air as before the change.

That while the statute, making it legal for a railroad company to cross a highway, imposed upon the company the duty of restoring the highway to its former state, or to such a state as not necessarily to have impaired its usefulness, a private person claiming no rights in the street, except as an abutting owner, could not sustain an action to compel the railroad to restore the former grade crossing.

That the statute also gave such a company a right to carry a highway under or over their tracks as it deemed most expedient; and if it did this with prudence, and to the satisfaction of the municipal authorities, an individual had no rights which were enforceable by a private action.

Appeal by the plaintiff Charles Bucholz from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orange on the 26th day of January, 1892, dismissing the complaint on the merits, without costs, after a trial by the court at the Orange Special Term.

*C. E. Cuddeback*, for the appellant.

*Lewis E. Carr*, for the respondent.

Dykman, J. :

The plaintiff owns a house and lot and ground in the village of Port Jervis, on the north side of Main street, and fifty-four feet west of the tracks of the defendant's road.

Prior to March, 1890, Main street continued on east past the plaintiff's property, across the railroad on the same grade, and then made a short curve to the south, and continued on an ascending grade to and over the Delaware and Hudson Canal. In March, 1890, the defendant changed Main street by turning it to the south before it reached the plaintiff's house, and then turning it in a sharp curve to the east, and carrying it over the railroad on a bridge about one hundred and fifty feet south of the old crossing, and from the bridge east, until it again struck the street as it formerly was.

Subsequently, the defendant tore up the planking at the old crossing, and rendered the street impassable from the railroad to the point where the new street runs into the old one, but left it open from the plaintiff's house west to the point where the street was turned to the south. The change in the location of the street was entirely upon the land of the defendant, and the old crossing was also in the defendant's yard, and was considered dangerous.

The alteration was made to escape the danger of the old crossing The plaintiff has entire freedom of access to his property, and the light and air are undiminished and unaffected, so that none of his property rights are invaded. Upon the application of the defendant, the Trustees of the Village of Port Jervis adopted and ratified

the alteration of Main street made by the defendant, and accepted the new bridge and its approaches in lieu of the former grade crossing, and Main street, easterly from the old crossing to its intersection with the alteration, was discontinued.

The trial court found that Main street, in front of the plaintiff's premises and west of them, was open as before, and that the plaintiff had the same freedom of access to his property from the street as before, and that his light and air were unaffected. This suit was instituted to procure a mandatory injunction which would require the defendant to restore the old grade crossing of the railroad and to recover damages.

Under the statute of this State railroad companies may locate their lines so as to intersect and cross highways, and as a condition of such privilege a duty is imposed to restore the highway to its former state, or to such state as not necessarily to have impaired its usefulness. (Laws of 1850, chap. 140, § 28, sub. 5.)

That statute legalized the crossings of highways by railroads and devolved upon them the burden and expense of restoration. A discretion is reposed in the companies to select, in the first instance, the place of crossing and determine the mode of restoration, subject to judicial review at the instance of the commissioners of highways of towns or municipal authorities of villages. (*Bryant* v. *Town of Randolph*, 133 N. Y., 70; *People ex rel. Green* v. *The D. and C. R. R. Co.*, 58 id., 152.)

Section 24 of the law already quoted conferred the privilege upon the railroad companies to carry the highway under or over their tracks as they deemed most expedient. The requirement for the restoration of the highway was designed for the protection of the public, and the performance of that duty must be enforced in the interest of the public by indictment or *mandamus*, or by civil action by the commissioners of highways under chapter 255 of the Laws of 1855. (*People* v. *N. Y. C. and H. R. R. R. Co.*, 74 N. Y., 302.)

In the process of restoration of the highways by the railroad companies, they stand in the position of highway commissioners, and if they act with prudence they are entitled to the same immunity for damages to property bounded by the highways and streets as those officers. (*Conklin* v. *The Railroad*, 102 N. Y., 112; *Bel-*

*linger* v. *The Railroad*, 23 id., 42; *Uline* v. *The Railroad*, 101 id., 98.)

The plaintiff here claims no private rights in Main street beyond those of an abutting owner thereon, and he holds those in common with the general public. Such rights cannot be enforced in any private action.

In the exercise of a right conferred by statute therefor the defendant carried the street over its tracks, and restored it to its former state of usefulness in a manner which met the approval of the municipal authorities, and which neither invaded nor subverted any property rights of the plaintiff.

The celebrated case of *Story* v. *The Railroad* (90 N. Y., 107) teaches no doctrine beneficial to the plaintiff. That case wrought no change in the law of this State, respecting surface railroads of any kind. (*Fobes* v. *The Railroad Company*, 121 N. Y., 517.)

It only applied settled principles to a new state of facts. In that case a structure had been erected in mid air, which prevented the inflow of light and air to the building of the plaintiff, who was an abutting owner, and the court held that such an owner had an easement appurtenant to his land fronting upon the street for the purpose of receiving light and air, and any interference which such rights was deemed property within the meaning of the Constitution.

The plaintiff here has suffered no privation of light, air or access to his property. Main street is merely altered. The Story case left unquestioned and undisturbed the Kerr case (27 N. Y., 188), and the doctrine there enunciated, and that case fully sustained the action of the defendant.

It was decided in the Fobs case, cited above, that a railroad company, duly authorized to operate its road and lay its tracks upon the surface of a city street, under a license from the city, took no property of one who owned land adjoining the street bounded by its exterior line, and, further, that there was no difference in that respect between a railroad operated by steam and one operated by horse power.

All property is held by a tenure more or less subject to the vicissitudes incident to the progress and improvement dictated by public necessity, and inconvenience or even decrease in value incident to the changes in streets and highways where no property rights are

invaded are not such injuries as furnish a cause of action either for damages or an injunction.

In the case of *Coster* v. *The Mayor* (43 N. Y., 413) the claim of the plaintiffs was that the best approach to their property had been removed and damage had resulted thereby, but it was held that the damage was too indirect and remote.

The change in Main street was an alteration only and opens no new route of travel. The street is the same and makes a turn to the south before reaching the property of the plaintiff, instead of a sharp curve to the right after it passed his property and the railroad track. (*People ex rel. Bowen* v. *Jones*, 63 N. Y., 310.)

This careful examination demonstrates the correctness of the judgment rendered, and the same should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.