71   361
11ap561

LUTHER J. BURDITT, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Injunction — when the damages resulting from a trespass are recoverable to the date of the trial.*

In an action brought to enjoin a railroad company from operating and maintaining a switch upon and across a portion of the plaintiff's premises, included within a public avenue in a city, the loss of the use of the premises up to the time of the trial may be included in the damages allowed.

APPEAL by the defendant, the New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, rendered at the Onondaga Special Term, and entered in the office of the clerk of the county of Onondaga on the 11th day of May, 1892.

The plaintiff owned to the center of Teall avenue, in the city of Syracuse. The defendant had laid down, and, at the time of the commencement of this action, was maintaining and operating a switch upon and across a portion of the premises of the plaintiff, included within said avenue, without the permission of the plaintiff, and without having obtained any right so to do, either by agreement or proceedings to condemn.

This action was brought to enjoin the defendant from operating such switch upon the premises, and to recover the damages sustained by reason of its having been so used.

The court at Special Term granted the injunction asked for, and fixed the damages sustained at the sum of $151.75. From the judgment entered upon such decision the defendant appealed to this court.

*M. M. Waters* and *Ashbel Green*, for the appellant.

*C. H. Wilson*, for the respondent.

PARKER, J.:

There seems to be no doubt but that the defendant, in building and maintaining this switch in Teall avenue, has been guilty of a continuing trespass upon the plaintiff's land, and that the judgment enjoining him from using such switch was properly rendered in this action. Indeed, the appellant makes no complaint before us of any error upon that question. The real question presented is, whether the court at Special Term has imposed too heavy damages against the defendant by fixing the plaintiff's loss of rents, sustained in consequence of the use of the switch from the time it was laid, at the sum of $151.75.

It is not claimed that in fixing this amount the court adopted any erroneous rule of law, but simply that such amount cannot be sustained by the evidence in the case.

An examination of the evidence convinces us that there is no occasion for interfering with the decision of the trial court upon that question. It being an action in equity, and equitable relief having been granted, the loss of the use of the premises up to the time of the trial might very well have been included in the damages allowed, and a larger sum even have been awarded. (*Barrick* v. *Schifferdecker*, 48 Hun, 356; 123 N. Y. 52; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423.)

The objection that evidence offered by the defendant was improperly excluded is not well taken. The questions ask for the opinion of the witness as to the effect of the construction of the switch upon the plaintiff's property. That was the precise question upon which the court was to decide, and such opinion within the rule laid down in the *Roberts Case* (128 N. Y. 455) is not proper evidence. (See discussion of that question at page 471 of such case.)

The defendant's ninth and tenth requests to find assume that only that part of plaintiff's land over which, the switch actually passed was injuriously affected by it. Such an assumption is not sustained by the evidence, and the requests were, for that reason, properly denied.

On the whole case we think the judgment is correct, and should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.