THE SYRACUSE SOLAR SALT COMPANY, Respondent, *v.* THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

*Eminent domain — a gross sum awarded for past damages — when judgment reversed where the appellate court cannot apportion it — when the selling value of the land is not an element of damage — rule where plaintiff's land extends only to the street.*

An action may be maintained in equity to recover damages for continuous past trespasses resulting from the operation and maintenance of a railroad, and to restrain a continuance of such trespasses; the proper measure of such damages is to be found in the diminution of the rental or usable, not of the selling, value of the property in question.

An owner, whose property is bounded by the exterior line of a street, cannot recover for consequential damages to his abutting property, arising from a reasonable use of the street for railroad purposes, where there has been no substantial change of grade, and where the passage across and through the street is free and unobstructed for the public use.

Under section 1022 of the Code of Civil Procedure the court may direct a judgment awarding a gross sum for past damages, without stating the specific awards made upon each of the several grounds upon which damages are given.

In such a case it is impossible for an appellate court to determine the amount of each specific allowance; and the judgment must be reversed where it appears that part of the premises, for trespasses upon which, damages have been awarded, were held by the plaintiff under a lease, the rights under which extended only to the margin of the street, and the court cannot determine what part of the gross award represents damages for injury to the plaintiff's business by reason of the presence of the defendant's tracks in that part of the street in front of such leased lot, or whether such damages have been awarded at all, or whether in other particulars, such as in the obstruction of access to the plaintiff's premises and the diminution of the selling value of the property, the allowance of damages was reasonable and, in the case of injury to the plaintiff's business, was not too remote, and the court is not prepared to adopt as proper all the grounds specified in the court below as the foundation for awarding damages.

APPEAL by the defendant, The Rome, Watertown and Ogdensburg Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 27th day of November, 1895, upon the decision of the court rendered after a trial at the Onondaga Special Term.

Findings of fact and conclusions of law were made by the Special

Term, and exceptions were filed thereto.   At the close of the evidence a motion was made to dismiss the plaintiff's complaint on the ground, viz. : " That it now appears by the proof that the plaintiff does not own any of the land upon which our railroad is, and we are not trespassers ; and it appears that the plaintiff is not an abutting owner of the premises upon the street where our railroad is."

The motion was denied, and an exception was taken.   The action was commenced on the 8th day of December, 1888, and past damages were assessed for alleged trespasses found to have accrued between December 8, 1882, down to the time of the commencement of the trial in April, 1894, at the sum of $18,568, and an injunction was granted restraining the operation of the defendant's road unless the defendant pay to the plaintiff the further sum of $25,320, with interest from April 30, 1894, on receipt of a deed from plaintiff of its interest in Marsh street.

The action was brought on the equity side of the court to restrain the defendant from using and operating its railroad over lands in the bed of Marsh street which the plaintiff claimed to own, and to recover damages for injury to the plaintiff's property and business in the past by reason of its use of Marsh street in the city of Syracuse for railroad purposes.

In 1868 the Syracuse Northern Railroad Company was incorporated to construct and operate a railroad from the city of Syracuse to the village of Sandy Creek in the county of Oswego ; and in the year 1871 the railroad was constructed through Marsh street from its junction with Laurel street to the northern terminus of the road. Some time prior to 1876 the tracks in Marsh street were extended on the west side of Marsh street, before reaching Laurel street, through Franklin street to the New York Central depot, and on the east side of Marsh street through other streets to the tracks of the Chenango Valley Railroad Company.   Switches have been laid in Marsh street from time to time in connection with the tracks, and the tracks, switches and structures in Marsh street, placed by the defendant and its predecessors, were there with the consent of the city of Syracuse.   At the time this action was commenced, the plaintiff was in possession of a salt yard occupied by vats and covers, and a few small lots and houses, abutting on Marsh street for the most part, and containing about thirty-four and forty-six one-hundredths

acres.   It abutted on Marsh street for a distance of 1,007 feet.   The plaintiff claims to own the land to the center of the street opposite that portion of the premises owned by it in fee.   The plaintiff, under a lease from the State, went into possession of some fifteen and forty-three one-hundredths acres of land, which were bounded by the west line of Marsh street, and the lease did not include any portion of Marsh street.   There was no finding by the court that the plaintiff acquired any interest in the bed of the street by virtue of its lease.   After finding that the plaintiff was the owner of the thirty-four acres as aforesaid, the court found, viz. : " That in front of the premises, so owned by it, it is also the owner, subject to the public easement, of so much of the bed of Marsh street as lies west of the centre line thereof."

And it was found that the plaintiff until the season of 1894 " occupied and used said premises for the manufacture of coarse salt by solar evaporation."

It was also found : " 5. That ever since the eighth day of December, 1882, the said defendant has wrongfully trespassed upon the said premises owned by the plaintiff, and has ever since such date continually, and without any right or authority from the plaintiff, occupied and trespassed upon the said premises of the plaintiff, and that the said defendant intends to continue such trespasses.

" 6. That by reason of such trespasses in the past the plaintiff has been injured, its business has been interfered with, the quality of the goods manufactured by it has been deteriorated, the amount of salt manufactured by it has been lessened, the salt vats constructed upon its premises have been injured and expense has been incurred by it in the prevention of greater and further injury, access to its premises has been obstructed and the selling value thereof diminished.

" 7. That the aggregate of the damages so suffered by the plaintiff from the eighth day of December, 1882, down to the time of the trial of this action, amounts to the sum of eighteen thousand five hundred and sixty-eight dollars ($18,568.00).

" 8. That should the said trespasses of the defendant continue in the future the value of the plaintiff's property will be depreciated by the sum of twenty-five thousand three hundred and twenty dollars ($25,320)."

As matter of law the court found : " That the plaintiff is entitled

to judgment against the defendant for the sum of eighteen thousand five hundred and sixty-eight dollars ($18,568), with interest thereon from the 30th day of April, 1894."

The court also authorized an injunction against the defendant "from operating its railroad on the land owned by the plaintiff in Marsh street, and commanding it to remove its tracks therefrom within ninety days after the entry and notice of judgment herein, unless, within said period, the said defendant shall pay to the plaintiff the further sum of twenty-five thousand three hundred and twenty dollars ($25,320), with interest thereon from the thirtieth day of April, 1894, in full for the value of so much of the plaintiff's interest in said street as is necessary to maintain the tracks and structures now existing thereon, and to store, use and operate engines and cars therein, in the same manner as heretofore has been done.

" 3. That in case the defendant shall make such payment, as last above provided, the plaintiff shall thereupon, at the request of the defendant, and at its expense, execute, acknowledge and deliver to the defendant a deed releasing the interest of the plaintiff in said street accordingly."

*William G. Tracy* and *William H. Hornblower*, for the appellant.

*W. S. Andrews*, for the respondent.

HARDIN, P. J. :

Upon the first trial in 1891 the complaint was dismissed on the merits. An appeal was taken to the General Term and a new trial was granted in 1893, and the opinion delivered on that appeal is found reported in 67 Hun, 153. Apparently the main features of that opinion were followed by the trial judge upon the occasion of the second trial now brought here by appeal.

The trial judge, upon a large volume of conflicting evidence, has found as matter of fact that the line of the thirty-four acre lot extends to the center of Marsh street, and as a conclusion of fact upon that evidence he expressly states that the plaintiff is " the owner, subject to the public easement, of so much of the bed of Marsh street as lies west of the centre line thereof." We should not be justified in reversing the judgment on that question of fact

even if we entertained the opinion that upon that evidence we might have arrived at a different conclusion. As was said in *Kingsland* v. *Kings County E. R. Co.* (83 Hun, 152), to justify a reversal: "The proof must so clearly preponderate that it can be said, with a reasonable degree of certainty, that the trial court erred in its conclusion. (Citing *Aldridge* v. *Aldridge*, 120 N. Y. 614; *Barnard* v. *Gantz*, 140 id. 249.)"

We are not prepared to say that the proof so clearly preponderated upon the question of fact to which we have alluded as to warrant us in applying to the case in hand the rule which we have stated. The omission to express a conclusive or controlling opinion upon that question of fact on this occasion seems appropriate inasmuch as, upon another aspect of the case presented, we have reached the conclusion that a new trial should be ordered, and, therefore, the question of the ownership of the plaintiff to the center line of Marsh street will be open for further investigation and additional evidence to be given by either party on the occasion of a new trial.

Plaintiff, by its complaint, presented a cause of action on the equity side of the court. It claimed to recover for the numerous trespasses which had been continuous, according to the claim of the plaintiff, over a period of six years preceding the commencement of the action; and to avoid a multiplicity of suits the equitable jurisdiction of the court was invoked in accordance with well-established precedents. And in conjunction with the claim to recover for the trespasses past was an averment that the defendant threatened to continue the maintenance of its road, and, therefore, its alleged trespass upon the property alleged to be owned by the plaintiff. The right to maintain such an action is established by a long line of cases. (*Williams* v. *The N. Y. C. R. R. Co.*, 16 N. Y. 97; *Henderson* v. *The N. Y. C. R. R. Co.*, 78 id. 423; *Inderlied* v. *Whaley*, 32 N. Y. Supp. 640; *Burditt* v. *The N. Y. C. & H. R. R. Co.*, 71 Hun, 361.)

(2) A careful study of the evidence found in the appeal book, with the extensive comments made thereon in the elaborate briefs of counsel on either side, leads to the conclusion that the award of damages is very liberal, not to say excessive. An inspection of the findings of fact upon the subject of damages does not furnish a sat-

isfactory explanation of the amount awarded for any of the specific grounds stated in the findings of fact in respect to the damages. The court has found a gross amount for past damages without specifying the amount of damages sustained by the plaintiff upon each of the several grounds stated, although it was not bound to incorporate the particulars in the decision upon the particular items of damages awarded. (Code Civ. Proc. § 1022.) The grounds stated in the finding of fact as to damages are as follows : (1) Interference with the plaintiff's business ; (2) deterioration in value of the salt manufactured ; (3) injury to the salt vats ; (4) decrease in the amount of salt manufactured ; (5) expense incurred to prevent other extensive injury ; (6) damages by reason of obstruction of access to the plaintiff's premises ; (7) the lessening of the selling value of the plaintiff's property.

If there had been a specific statement of the amount of damages awarded upon the several heads, a review of the evidence might indicate whether the finding of fact upon that particular head was sustained by evidence. Inasmuch as the damages are massed together in one gross finding, it is not possible for this court to determine what was allowed by the trial court upon any one of the numerous grounds specified in the finding of fact on the subject of damages. Turning to the finding of fact we find that it reads as follows : " That, by reason of such trespasses in the past, the plaintiff has been injured, its business has been interfered with, the quality of the goods manufactured by it has been deteriorated, the amount of salt manufactured by it has been lessened, the salt vats constructed upon its premises have been injured and expense has been incurred by it in the prevention of greater and further injury, access to its premises has been obstructed and the selling value thereof diminished. That the aggregate of the damages *so suffered* by the plaintiff from the eighth day of December, 1882, down to the time of the trial of this action, amounts to the sum of eighteen thousand five hundred and sixty-eight dollars ($18,568)."

(*a*) Upon looking into the evidence we are not satisfied that any considerable sum should have been allowed because " access to its premises has been obstructed." At all times the plaintiff has been enjoying access to its premises and has used them for the same purpose that it did before the road was there, and it is difficult to dis-

cover any considerable, if any, damages sustained by reason of the interference with the plaintiff's access to its premises.

(*b*) Nor does the evidence reveal any satisfactory ground for saying that "the selling value thereof" has been diminished. The trespasses of the defendant have not been of that destructive character that leads one to suppose that the actual value of the premises has been interfered with, and it is difficult to conceive of any basis for allowing damages in a trespass action which are not to compensate for injury actually caused, unless the substantive ownership has been impaired. Assuming that the trespass ceased at the termination of the trial, and a sum of money is paid to liquidate the damages caused by the past trespass, it is not apparent that, therefore, "the selling value" of the premises has been or would be diminished. As before observed, the evidence does not indicate clearly what sum would measure the diminution of the value of the property by reason of the trespasses, nor do the findings of fact made by the court point out how much was allowed under this head of damage, and no case has been cited with facts like those found here, which sanctions a recovery in trespass for "lessening of the selling value of the property still owned" by a party alleging trespass. The rule laid down in numerous cases · of a like character, at least so far as the land is concerned, as to damages, relates to a diminution or depreciation of the rental or usable value of the land, and they do not specify as an item in damages in trespass the depreciation in value of the land. (*Wright* v. *N. Y. El. R. R. Co.*, 78 Hun, 450 ; *Lawrence* v. *Met. E. R. Co.*, 126 N. Y. 483.)

In *S. A. R. R. Co.* v. *M. E. R. Co.* (138 N. Y. 551) it appeared that there was an error in the finding as to the nature of the damages sustained, and that it was only of an abstract nature ; "that it consisted of a merely erroneous description of the injury sustained ;" and that, upon a further inspection of the finding, it appeared that the court had adopted the correct rule for the ascertainment of damages ; and under such circumstances it was said that the court would not reverse for the abstract error. In the case in hand, as already stated, after the grounds of damage were stated in the findings, the conclusion follows : "That the aggregate of the damages so suffered by the plaintiff" amount to the sum of $18,568. In order to sustain that conclusion we must necessarily adopt all the grounds specified

as the foundation for awarding damages. To do so would be to advance a new rule for the measurement of damages caused by trespasses.

In passing, it may be observed that another difficulty presents itself in considering the question of damages allowed for past trespasses. According to the evidence the plaintiff was in occupation of some fifteen acres of land under a lease, and its rights under the lease only extended to the margin of the street. The fifteen acres lie adjacent to the thirty-four acres, and the evidence shows a general description of the location of the plaintiff's salt works; and in awarding damages for the injury to the business carried on by the plaintiff, it is not manifest from the findings what damages in that regard were allowed for the injury of the business of the plaintiff occasioned by reason of the presence of the defendant's tracks in the street opposite the fifteen acres.

According to the doctrine laid down in *Fobes* v. *R., W. & O. R. R. Co.* (121 N. Y. 505), the defendant, by its railroad, has taken no property or rights of the plaintiff opposite the fifteen acres. In that case it was held that the owner whose property is bounded by the exterior line of a street cannot recover for consequential damages to his adjoining property arising from a reasonable use of the street for railroad purposes where there has been no substantial change of the grade, and where the passage across and through the street is free and unobstructed for the public use.

The finding before us does not leave it clear and certain that the rule laid down in the *Fobes* case was observed in measuring damages supposed to have accrued to the plaintiff's business carried on upon the two properties lying adjacent. Nor is it made apparent that the damages allowed for loss or injury to the plaintiff's business were not too remote, and such as ought to have been excluded according to the rule laid down in *Taylor* v. *Met. El. Ry. Co.* (50 N. Y. Super. Ct. [18 J. & S.] 312.)

We do not find in the evidence or in the findings as to damages a proper predicate for a modification of the award of past damages, and as we are not satisfied with the amount allowed by the trial court, we reach the conclusion that the assessment of damages should not be allowed to stand. (*Cassin* v. *Delany,* 38 N. Y. 178; *Andrews* v. *Tyng,* 94 id. 16.)

The foregoing views seem to require that the judgment should be reversed.

All concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.